IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Jones, #302436, a.k.a. Dwight F. Jones, | C/A No.: 1:13-720-DCN-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Leroy Cartledge, Warden of McCormick Correctional Institution, | |
| Respondent. | |

Petitioner Dwight Jones is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [Entry #29, #30]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by October 21, 2013. [Entry #31]. Petitioner obtained an extension [Entry #34, #35] and filed a timely response [Entry #37].

After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

1

I.    Factual and Procedural Background

Petitioner was indicted by the Richland County grand jury during the May 2003 term of court on three counts of assault and battery with intent to kill ("ABWIK"), as amended (2003-GS-40-685, 686, 687) and one count of murder (2003-GS-40-684). [Entry #29-8]. Petitioner was represented by Fielding Pringle and Ned Longshore, Esquires, of the Richland County Public Defender's Office. [Entry #29-1 at 3 *et seq.*]. Petitioner had a jury trial on May 24–28, 2004, before the Honorable D. Garrison Hill, Circuit Court Judge. *Id.* On May 28, 2004, Petitioner was found guilty of all four charges. [Entry #29-6 at 71–74]. Judge Hill sentenced Petitioner to 30 years for murder, and five years for each of the ABWIK convictions, all to run consecutively. [*Id.* at 84–85].

On June 1, 2004, Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Joseph L. Savitz III, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a brief raising the following issue: "The judge abused his discretion by disregarding appellant's request to proceed *pro* se, which resulted from his dissatisfaction with defense counsel's cross-examination of the State's eyewitnesses." [Entry #29-6 at 100]. On October 12, 2006, the Court of Appeals affirmed Petitioner's convictions. [Entry #29-6 at 109–114]. The remittitur was issued on October 31, 2006. [Entry #29-6 at 108].

Petitioner filed an application for post-conviction relief ("PCR") on July 19, 2007 [Entry #29-6 at 115–121], as amended April 1, 2009 [Entry #29-6 at 122–123], and

2

March 19, 2010 [Entry #29-6 at 124–125], in which he alleged various grounds of ineffective assistance of trial and appellate counsel and denial of his 6th and 14th Amendment due process rights.  A PCR evidentiary hearing was held before the Honorable G. Thomas Cooper, Circuit Court Judge on March 19, 2010, at which Petitioner and his counsel, Tara Dawn Shurling, Esq., appeared. [Entry #29-6 at 133–196].  On May 19, 2010, Judge Cooper filed an order of dismissal. [Entry #29-6 at 197–211].  On June 2, 2010, Petitioner filed a Rule 59(e) motion to alter or amend [Entry #29-6 at 212–216]. On July 30, 2010, the PCR court filed an order denying the Rule 59 motion. [Entry #29-6 at 217].

Petitioner filed a notice of appeal from the denial of PCR on August 11, 2010. [Entry #29-11]. Assistant Appellate Defender Elizabeth A. Franklin-Best, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal, and on or about March 31, 2011, filed a petition for writ of certiorari [Entry #29-12] in the South Carolina Supreme Court, raising the following issue: "Did trial counsel render ineffective assistance of counsel when she abandoned a mistrial motion on petitioner's behalf when the State failed to provide discovery to the defense to which it was entitled under the South Carolina Rules of Criminal Procedure, Rule 5?" [*Id.* at 3].

On August 10, 2012, the South Carolina Supreme Court denied the petition for writ of certiorari. [Entry #29-14]. The remittitur was issued on August 28, 2012. [Entry #29-15].

3

Petitioner filed this federal petition for a writ of habeas corpus on March 15, 2013. [Entry #1-2 at 2].[1]

II.     Discussion

    A.     Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**     The judge abused his discretion by disregarding Petitioner's request to proceed pro se which resulted from his dissatisfaction with defense counsel's cross-examination of the State's eyewitnesses.

**Ground Two:**     Trial counsel rendered ineffective assistance of counsel when she did not pursue a mistrial motion on Petitioner's behalf when the State failed to provide discovery to the defense to which it was entitled under the S.C.R.Crim.P., Rule 5.

**Ground Three:**     Ineffective assistance of PCR counsel.

**Ground Four:**     Ineffective assistance of trial counsel.

[Entry #1 at 5–10].

    B.     Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish

---

[1] The petition was received by the court on March 18, 2013, and docketed on March 19, 2013. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope for the petition reflects it was deposited in the SCDC mailing system on March 15, 2013. [Entry #1-2 at 2].

4

the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    C.    Analysis

        1.    AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed

by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> 
> (A)  **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2)  **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th

6

Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[2]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in

---

[2] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

7

the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that

AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

2.  Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction became final "when his time for seeking review with the State's highest court expired."

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[3]

Petitioner was found guilty and was sentenced on May 28, 2004. [Entry #29-6 at 84–85]. The Court of Appeals affirmed his convictions on October 12, 2006. Petitioner had fifteen days from the date of the Court of Appeals' unpublished opinion to file a Petition for Rehearing if he wanted to seek further review of the opinion. The fifteen days would have expired on October 27, 2006. Rule 221(a), SCACR. Thus, the expiration of the time for seeking direct review in Petitioner's case occurred on October 27, 2006. *Gonzalez v. Thaler*, 565 U.S. -- , --, 132 S. Ct. 641, 653–54 (2012) (holding that for those who do not appeal to the United States Supreme Court in the direct appeal, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this [the United States Supreme] Court, or in state court, expires.").

Petitioner's filing of his PCR application on July 19, 2007, tolled the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). When Petitioner filed his PCR

---

[3] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S.Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

application, 265 days had elapsed, leaving 100 days within which Petitioner could timely file a federal habeas petition. The statute of limitations remained tolled until the South Carolina Supreme Court dismissed the PCR appeal on August 10, 2012. The statute of limitations resumed on August 11, 2012, and expired 100 days later, on November 19, 2012. Petitioner did not file his habeas action until March 15, 2013—over three months after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

        3.      Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

        a.      Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's

11

tardiness in filing this petition in no manner suggests that he diligently pursued his rights. Although Petitioner argues that he was under the impression that he had a year from August 28, 2012, to file his habeas petition [Entry #37 at 1–2], his misunderstanding of the law does not support equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

      b.  Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not

presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle him to equitably toll the AEDPA's statute of limitations.

Finally, Petitioner argues in his petition [Entry#1 at 13] that he should not be barred because of the holding in *Martinez v. Ryan*, ––– U.S. ––––, 132 S.Ct. 1309 (2012). In *Martinez*, the Supreme Court held that a habeas corpus petitioner asserting claims for ineffective assistance of counsel can demonstrate sufficient cause to excuse a procedural default upon a showing that counsel in the initial-review collateral proceeding was ineffective in failing to raise a claim that should have been raised below. *See Martinez*, 132 S.Ct. at 1318 (internal citations omitted). However, *Martinez* "neither created a new constitutional right nor made one retroactively applicable to Petitioner's case." *See Glanton v. Cartledge*, No. 13-802-RMG, 2013 WL 3746039, at *3 n. 7 (D.S.C July 15, 2013). Petitioner fails to demonstrate any other basis for equitable tolling.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is

13

determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 25, 2013                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

14

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).